# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN WITTES,<br>1775 Massachusetts Avenue NW<br>Washington, DC 20036,<br><br>SCOTT R. ANDERSON,<br>1775 Massachusetts Avenue NW<br>Washington, DC 20036, and<br><br>THE PROTECT DEMOCRACY PROJECT, INC.<br>2020 Pennsylvania Ave., NW, #163<br>Washington, D.C. 20006,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530,<br><br>　　　　　　Defendant. | Civil Action No. 19-2823<br><br>**COMPLAINT** |

Plaintiffs Benjamin Wittes, Scott R. Anderson, and The Protect Democracy Project, Inc. ("Protect Democracy"), by their undersigned attorneys, allege:

## INTRODUCTION

1.   On August 26, 2019, *The Washington Post* and *The New York Times* published reports indicating that it is highly likely that federal prosecutors will soon indict former FBI Deputy Director Andrew G. McCabe on charges of lying to federal agents.[1] On September 12,

---

[1] Adam Goldman, *Prosecutors Near Decision on Whether to Seek an Andrew McCabe Indictment*, N.Y. Times (Aug. 26, 2019), https://www.nytimes.com/2019/08/26/us/politics/andrew-mccabe-indictment-decision.html; Matt Zapotosky, *Justice Dept. Could Be Nearing Decision on Whether to Charge Andrew McCabe*, Wash. Post (Aug. 26,

1

2019, these papers reported that the Department of Justice had authorized prosecutors to charge Mr. McCabe after rejecting his appeal of the U.S. Attorney's decision to move forward.[2] The grand jury was reportedly summonsed back, but then released the same day, without any public charges having been filed,[3] indicating that the grand jury may have refused to indict Mr. McCabe.

2. Although Mr. McCabe was fired after a DOJ Inspector General investigation concluded that Mr. McCabe made false statements to OIG investigators about whether he authorized certain communications to the media, an indictment of a government official for false statements made in an internal investigation is exceedingly rare, especially when the official is terminated as a result of the conduct.

3. Indeed, there are numerous publicly available examples of government officials who were not criminally investigated or prosecuted for similar conduct.[4]

4. Most troubling, the only visible factor that could clearly explain the DOJ's apparent intention to charge Mr. McCabe is the sustained campaign President Trump has waged against Mr. McCabe, publicly demanding both that he be fired and criminally investigated.[5]

---

2019), https://www.washingtonpost.com/national-security/justice-dept-could-be-nearing-decision-on-whether-to-charge-andrew-mccabe/2019/08/26/0e1a636c-c840-11e9-a1fe-ca46e8d573c0_story.html.

[2] Matt Zapotosky & Spencer S. Hsu, *Justice Department Authorized Prosecutors to Charge Andrew McCabe*, Wash. Post (Sept. 12, 2019), https://beta.washingtonpost.com/national-security/justice-dept-authorized-prosecutors-to-charge-andrew-mccabe/2019/09/12/5b0d48ea-d418-11e9-9343-40db57cf6abd_story.html; Adam Goldman & Katie Brenner, *Justice Dept. Rejects Andrew McCabe's Bid to Avoid Charges*, N.Y. Times (Sept. 12, 2019), https://www.nytimes.com/2019/09/12/us/politics/andrew-mccabe-fbi.html.

[3] *Id.*

[4] Benjamin Wittes, *Thoughts on the Impending Prosecution of Andrew McCabe*, Lawfare (Aug. 27, 2019), https://www.lawfareblog.com/thoughts-impending-prosecution-andrew-mccabe (listing examples).

[5] *See, e.g.*, Donald J. Trump (@realDonaldTrump), Twitter, (July 24, 2019, 4:36 A.M.), https://twitter.com/realdonaldtrump/status/1153992334054440960; Donald J. Trump (@realDonaldTrump), Twitter, (Dec. 23, 2017, 12:27 P.M.), https://twitter.com/realdonaldtrump/status/944665687292817415?lang=en; *see also* Wittes, *supra* note 4 (collecting examples).

5.      Any involvement by the White House in a criminal investigation of Mr. McCabe or decision on whether to indict Mr. McCabe would violate longstanding norms[6] and the White House's own policy mandating that the White House refrain from interfering in party-specific DOJ matters.[7]  It would also raise serious legal ethics concerns for DOJ prosecutors and constitutional questions.[8]  There is an urgent need to inform the public about these grave matters.

6.      Accordingly, on September 3 and September 6, Plaintiffs submitted two Freedom of Information Act ("FOIA") requests, the first seeking expedited production of records reflecting the White House's involvement, if any, in the criminal investigation and potential prosecution of Mr. McCabe, and the second seeking expedited production of email messages former Acting Attorney General Matthew Whitaker may have sent to specific DOJ personnel regarding Mr. McCabe.

7.      Plaintiffs bring this action against the DOJ to compel compliance with FOIA, 5 U.S.C. § 552, and DOJ's implementing regulations, 28 C.F.R. §§ 16.1–16.11.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

9.      Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

---

[6] *See Protecting Independent Law Enforcement*, https://protectdemocracy.org/protecting-independent-law-enforcement/ (last visited Sept. 17, 2019).

[7] *See* Mem. from Donald F. McGahn II, Counsel to the President, re: Communications Restrictions with Personnel at the Department of Justice (Jan. 27, 2017), *available at* https://www.politico.com/f/?id=0000015a-dde8-d23c-a7ff-dfef4d530000.

[8] *See* Protect Democracy, *No "Absolute Right" to Control DOJ: Constitutional Limits on White House Interference with Law Enforcement Matters*, (Mar. 2018), https://protectdemocracy.org/resource-library/document/no-absolute-right-control-doj/ (explaining that when the White House intervenes in how the law is enforced to benefit allies or target its opponents, it violates the President's constitutional obligation to ensure that the laws are faithfully executed, as well as core constitutional principles of due process, equal treatment under the law, and the First Amendment right to participate in the political process).

10. DOJ has failed to meet the statutory deadline set by FOIA. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I). Plaintiffs have therefore exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## PARTIES

### A. Plaintiffs

11. Plaintiff Benjamin Wittes is the Editor-in-Chief of *Lawfare*, an online publication published by The Lawfare Institute, a 501(c)(3) not-for-profit educational organization. Lawfare is dedicated to informing public understanding on the operations and activities of the federal government.

12. Plaintiff Scott R. Anderson is a Senior Editor of *Lawfare* and Fellow in Governance Studies at the Brookings Institution.

13. Plaintiff Protect Democracy is a non-partisan not-for-profit organization that operates in Washington, D.C., and is engaged in disseminating newsworthy information and analysis.

14. Plaintiffs intend to make public records obtained through these FOIA requests and provide information about and analysis of the records as appropriate on *Lawfare*'s website (www.lawfareblog.com) and Protect Democracy's website (www.protectdemocracy.org).

### B. Defendant

15. Defendant DOJ is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551 that has possession and control of the records that Plaintiffs seek.

## FACTUAL ALLEGATIONS

16. On September 3, 2019, Plaintiffs sent a FOIA request (the "First Request") to Defendant, seeking the following records:

    (a)    Records of, reflecting, or referencing any communications between President Trump and any individual(s) at the Department of Justice regarding Andrew McCabe, which records also contain any one of the following words (or permutations thereof): prosecute, indict, criminal, charge, punish, prison, jail, lock up, convict, grand jury.

    (b)    Records of, reflecting, or referencing any communications between White House personnel and any individual(s) at the Department of Justice regarding Andrew McCabe, which records also contain any one of the following words (or permutations thereof): prosecute, indict, criminal, charge, punish, prison, jail, lock up, convict, grand jury.

    (c)    Any emails, memorandum, and other written correspondence from, to, or copying Attorney General William Barr and/or Deputy Attorney General Jeffrey Rosen referencing (a) "Trump," "President," "POTUS," and/or "White House" and (b) "McCabe," which correspondence also contains any one of the following words (or permutations thereof): prosecute, indict, criminal, charge, punish, prison, jail, lock up, convict, grand jury.

A true and correct copy of Plaintiffs' First Request is attached as Exhibit A.

17.    Defendant labeled Plaintiffs' First Request, "DOJ-2019-006773."

18.    On September 6, 2019, Plaintiffs sent another FOIA request (the "Second Request") to Defendant, seeking any e-mail messages from Matthew Whitaker received by Christopher Ott, George Toscas, or Adam Hickey making reference to Andrew McCabe in the period from March 1, 2018, to March 31, 2018. A true and correct copy of the body of Plaintiffs' Second Request, which was copied and pasted into DOJ's FOIA portal, is attached as Exhibit B.

19.    Defendant labeled Plaintiffs' Second Request, "DOJ-2019-006850."

20.    Plaintiffs sought fee waivers pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k). Ex. A at 5–6; Ex. B at 2.

21.    Plaintiffs demonstrated a compelling need for the fee waivers based on their statuses as representatives of the media and because disclosure of the information "is likely to

contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(ii)-(iii).

22. Plaintiffs also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e). Ex. A at 2–5; Ex. B at 2–3. Plaintiffs' requests were narrowly tailored to make it easy for the DOJ to respond to them in an expedited fashion.

23. Plaintiffs demonstrated a compelling need for expedited processing based on the "urgency to inform the public about an actual or alleged federal government activity" and because the requests concern a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(ii), (iv).

24. The need for expedited processing has become even more pertinent given reports of the DOJ's recent rejection of Mr. McCabe's appeal of the U.S. Attorney's Office's decision to move forward with charges against him.[9]

25. On September 13, 2019, Defendant denied expedited processing for Plaintiffs' First Request on the ground that Plaintiffs "ha[d] not provided enough information concerning the statutory requirements for expedition[.]" A true and correct copy of Defendant's letter denying expedited processing is attached as Exhibit C.

26. Defendant has thus far failed to respond to Plaintiffs' request for expedited processing of their Second Request.

27. Defendant has no lawful basis for declining to grant Plaintiffs' requests for expedited processing or for producing any responsive records requested by Plaintiffs.

---

[9] Zapotosky & Hsu, *supra* note 2; Goldman & Brenner, *supra* note 2.

## FIRST CLAIM FOR RELIEF
### (Violation of FOIA, 5. U.S.C. § 552)

28. Plaintiffs re-allege and incorporate by reference all other paragraphs.

29. Defendant DOJ is subject to FOIA and must therefore release in response to FOIA requests any disclosable records in its possession at the time of the requests and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

30. Defendant's denial of and failure to respond to Plaintiffs' requests for expedited processing violates FOIA and DOJ's implementing regulations. *See* 5 U.S.C. § 552(a)(6)(E)(i); 28 C.F.R. § 16.5(e)(1)(ii), (iv).

31. Defendant has no lawful basis for declining to expeditiously produce the records requested by Plaintiffs under FOIA.

32. Accordingly, Plaintiffs are entitled to an order compelling the DOJ to grant Plaintiffs' requests for expedited processing and to release, as soon as practicable, any responsive documents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

a. Declare that Plaintiffs are entitled to expedited processing under 5 U.S.C. § 552(a)(6)(E)(i) and 28 C.F.R. § 16.5(e)(1)(ii), (iv), and fee waivers under 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k);

b. Declare that the records sought by Plaintiffs in their FOIA requests are public records under 5 U.S.C. § 552(a)(2)(D), which should be disclosed pursuant to 5 U.S.C. §§ 552(a)(6)(A) and 552(a)(3)(A) and Defendant's corresponding regulations;

c. Order Defendant to grant Plaintiffs' requests for expedited processing and fee waivers;

d. Order Defendant, by a date certain, to conduct an adequate search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiffs' requests;

e. Order Defendant, by a date certain, to produce to Plaintiffs any and all non-exempt records or portions of records responsive to Plaintiffs' request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

f. Award Plaintiffs the costs and reasonable attorney's fees incurred in this action, *see* 5 U.S.C. § 552(a)(4)(E);

g. Grant Plaintiffs such other relief as the Court deems appropriate.

Dated: September 20, 2019

Respectfully submitted,

THE PROTECT DEMOCRACY PROJECT, INC.

By: /s/ Justin Florence
Justin Florence (D.D.C. Bar No. 988953)
Deana K. El-Mallawany[*]
THE PROTECT DEMOCRACY PROJECT, INC.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202)-774-4234
Facsimile: (929) 777-8428
justin.florence@protectdemocracy.org
deana.elmallawany@protectdemocracy.org

Kristy Parker[*]
THE PROTECT DEMOCRACY PROJECT, INC.
2020 Pennsylvania Avenue, NW, #163
Washington, D.C. 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
kristy.parker@protectdemocracy.org

John Langford[*]
THE PROTECT DEMOCRACY PROJECT, INC.
555 W. 5th St.
Los Angeles, CA 90013
Telephone: (919) 619-9819
Email: john.langford@protectdemocracy.org

*Counsel for Plaintiffs*[†]

---

[*] *Pro hac vice* application forthcoming.

[†] Harvard Law Student Joseph Choe, '21, helped prepare this complaint. The complaint does not purport to represent the institutional views, if any, of Harvard Law School.