UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BENJAMIN WITTES, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 19-cv-2823 (KBJ) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION**

Plaintiffs seek a preliminary injunction ("PI") that requires the Department of Justice both to expedite the processing of one of the two FOIA requests at issue in this matter and conduct an adequate search for records with respect to the other.  (*See* Pls.' Mot. for a Prelim. Inj., ECF No. 11, at 2.)  It is clear beyond cavil that the "basis of injunctive relief in federal courts has always been irreparable harm and the inadequacy of legal remedies," *Sampson v. Murray*, 415 U.S. 61, 88 166 (1974) (internal quotation marks and citation omitted), and upon consideration of Plaintiffs' filing, this Court finds that their motion falls short in both respects.

In particular, although Plaintiffs maintain that they need the requested records urgently in order to "inform public debate about the propriety of any continued investigation of Andrew McCabe and have the opportunity to affect its outcome" (Mem. in Supp. of Pls.' Mot. for a Prelim. Inj. ("PI Mem"), ECF No. 11-1, at 6; *see also* Pls.' Extension Opposition, ECF No. 14 (asserting that "[t]he DOJ is apparently in the process of investigating and decided whether to indict Mr. McCabe and a decision can

come at any time")), Plaintiffs have provided nothing to substantiate their apparent assumption that prosecutorial determinations are *subject to public debate*, such that it matters whether Plaintiffs gain access to the records they seek prior to DOJ's indictment determination. And in the absence of any indication that Plaintiffs' claimed interest in being able to influence DOJ's prosecutorial discretion by disseminating information to the public is even plausible, Plaintiffs cannot credibly claim that they will be injured if DOJ is not ordered to tender the requested records *now*, before this litigation has run its course. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (explaining that a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief") (citation omitted).

What is more, Plaintiffs have failed to demonstrate that the informed debate that they seek to initiate with the documents they hope to procure as a result of this FOIA action (*see* PI Mem. at 6) could not occur even *after* DOJ's allegedly imminent prosecution determination is made. Plaintiffs provide no explanation as to why "the chilling effect that the prospect of a politically motivated prosecution has on the civil servants charged with faithfully executing our laws" (Pls.' Extension Opp. at 2) cannot be addressed effectively in retrospect, *i.e.*, in the wake of an allegedly improper indictment. Nor have Plaintiffs come anywhere close to establishing that their ability either to inform the public about the allegedly "politically motivated" McCabe investigation (*id.* at 3), or to lobby Congress concerning the White House's alleged improper attempts to influence McCabe's potential prosecution, will be irreparably harmed if their request for emergency relief concerning access to the requested records

is not granted (*see* PI Mem. at 24, 31–32.)  Consequently, this Court needs no further briefing or argument to conclude that Plaintiffs have failed to demonstrate irreparable injury—the *sine qua non* of preliminary injunctive relief.  *See Make the Rd. New York v. McAleenan*, No. 19-cv-2369, 2019 WL 4738070, at *13 (D.D.C. Sept. 27, 2019) (observing that "a preliminary injunction entitles the movant to judicial intervention before a ruling on the merits precisely because 'the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered'"(citing 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2948.1 (3d ed. 2019)).

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion for a preliminary injunction (ECF. No. 11) is **DENIED**.  It is

**FURTHER ORDERED** that Defendant's Motion for An Extension of Time to Respond to Plaintiffs' Motion for Preliminary Injunction (ECF No. 13) is **DENIED AS MOOT**.

DATE:  October 21, 2019           *Ketanji Brown Jackson*
                                                        KETANJI BROWN JACKSON
                                                        United States District Judge