# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN WITTES, SCOTT R. ANDERSON, THE PROTECT DEMOCRACY PROJECT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 19-2823 |

## JOINT STATUS REPORT

Pursuant to the Court's March 12, 2020, Minute Order, the Parties hereby submit this joint status report. The Parties are pleased to inform the Court that they have agreed to a path forward, and submit the following for the Court's consideration.

This case involves two Freedom of Information Act ("FOIA") requests, submitted by Plaintiffs on September 3 and 6, 2019, respectively. The September 6 request was closed after Defendant found no responsive records. The September 3 request remains to be processed.

Through negotiations, the Parties have narrowed the September 3 request to 23 pertinent custodians. For reasons explained to Plaintiffs, Defendant is able to search three of those custodians in advance, while the other 20 are being searched. The Parties agree that Defendant shall search the first three custodians' data no later than Friday, April 3, 2020. At that point, the Parties agree to discuss a schedule for production of any responsive records located.

Defendant has also explained to Plaintiffs that, based on present projections, the searches of the other 20 custodians would not be completed for another 10 months. Nonetheless, the

Parties have agreed in the interest of negotiation that Defendant shall, in its discretion, reduce the timeframe for that search and will complete it no later than eight months from this agreement.

### A. Parties' Joint Search and Production Proposal For Records Responsive to September 3 Request

Therefore, the Parties jointly request that the Court order the following. First, that the Parties file a joint status report no later than Friday, April 17, 2020. At that time, the Parties can report to the Court on the results of the search of the first three custodians, and propose a processing and production schedule for any responsive records located. Second, that the Parties file a joint status report no later than Thursday, December 3, 2020, or two weeks after the search of the other 20 custodians have been completed, whichever is earlier. At that time, the Parties can report to the Court on the results of the search, and propose a processing and production schedule for any responsive records located, with regard to those 20 custodians.

### B. Plaintiffs' Position on Challenging the Search for Records Responsive to September 6 Request

Plaintiffs have previously represented to the Court that they will not seek to litigate the adequacy of the government's search with respect to Plaintiffs' narrow September 6, 2019, request until the government completes the processing of records responsive to their September 3, 2019, request. However, the Parties have now agreed to an extended 8-month search schedule for the broader September 3, 2019, request. That schedule means that it could take as long as a year for the government to complete production of records responsive to the September 3 request. Plaintiffs respectfully reserve the right to request that the Court permit Plaintiffs to challenge the adequacy of the government's search for records responsive to their September 6 request prior to the government completing production of records responsive to the September 3 request. Plaintiffs are not now requesting permission to move forward with that challenge and

remain hopeful that the expedited production of records responsive to the September 3 request will alleviate any need to move forward on the September 6 request.

### C. Defendant's Position on Challenging the Search for Records Responsive to September 6 Request

Defendant does not agree that the Parties should litigate the adequacy of any search before all processing and production is complete, consistent with the Court's General Order ¶ 4(b) ("It is this Court's practice not to entertain motions for summary judgment in FOIA cases regarding such matters as the adequacy of the search or the agency's withholdings **until processing and production of all records at issue in the case are complete**, and to require regular status reports while processing and production are ongoing.") (emphasis in original).

Dated: March 19, 2020

Respectfully submitted,
JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Jason C. Lynch*
Jason C. Lynch (D.C. Bar No. 1016319)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 11214
Washington, DC 20005
Tel: (202) 514-1359
Email: Jason.Lynch@usdoj.gov

*Attorneys for Defendant*

Kristy Parker, *pro hac vice*
The Protect Democracy Project, Inc.
2020 Pennsylvania Avenue, NW, #163
Washington, D.C. 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428

kristy.parker@protectdemocracy.org

John Langford, *pro hac vice*
The Protect Democracy Project, Inc.
555 W. 5th St.
Los Angeles, CA 90013
Phone: (919) 619-9819
Facsimile: (929) 777-8428
john.langford@protectdemocracy.org

Justin Florence (D.D.C. Bar No. 988953)
Deana K. El-Mallawany, *pro hac vice*
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 774-4234
Facsimile: (929) 777-8428
justin.florence@protectdemocracy.org
deana.elmallawany@protectdemocracy.org

*Counsel for Plaintiffs*